UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dylan Miles,<br><br>                Plaintiff,<br>     v.<br><br>Planet Fitness (309 East Fordham Rd, Bronx, Chris Walters, Diamond Paredes /Planet Fitness Corporate, state of NH)<br><br>                Defendants. | **JURY TRIAL DEMANDED**<br><br>Civil Action No.<br><br>**COMPLAINT** |

Plaintiff Dylan Miles ("Miles"), by himself, for his complaint against Defendants Planet Fitness, Inc. (collectively, "Defendants"), alleges as follows:

**Nature of the Action**

1.    This is a civil action for monetary damages brought by Plaintiff Dylan Miles to redress discrimination and harassment on the basis of sexual orientation and gender identity.

2.    As alleged more fully below Defendant Planet Fitness employs, Diamond Pardes, who illegally discriminated against Miles based on his sexual orientation and gender identity in regards to the woman's bathroom. Dylan identifies as transgender. Diamond tracked Dylan doen on the second floor where he was running and she said "We're about to sound the Lunk alarm because you accidently went into the womans restroom Tranny!" The Lunk alarm is from corporate that shames people and it's posted on HUGE signs all over Planet Firtness gyms. A violation of ([Article 315 of Title 28 of the Administrative Code of the City of New York](#)). Rule 16. Planet Fitness broke rule 16. Articles 4,6,7, and 8 and violarted the Civil Rights Act of 1964.

3.    Defendants' conduct violates federal and state laws meant to protect LGBTQIA+ individuals and, thus, appropriate monetary damages should be awarded.

**The Parties**

1

4. Dylan Miles is an LGBTQIA+ individual living in the City of New York.

Defendant Planet Fitness is a corporation duly organized and existing under the laws of the State of NH.
 with its principal place of business at 113 Crosby Rd., Ste. 15 Dover, NH 03820 USA

5.

6. Defendant Diamond (Planet Fitness refuses to give her last name) is an individual who, upon information and belief, is a citizen of the State of New York.

7. Defendant Diamond is an individual who, upon information and belief, is a citizen of the State of New York.

**Jurisdiction and Venue**

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a resident of New York and Defendant Planet Fitness is a citizen of NH and the amount in controversy exceeds $10,000,0000 exclusive of fees and costs.

9. This Court has jurisdiction over Defendants Planet Fitness and Diamond pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Planet Fitness pursuant to N.Y. Civ. Prac. L. & R. ("CPLR") §§ 301 and 302(a), because Planet Fitness has (i) transacted business within the state (CPLR § 302(a)(1)); (ii) committed a tortious act within the state (CPLR § 302(a)(2)); and/or (iii) committed a tortious act within the state causing injury to person or property within the state, and (a) regularly does or solicits business, or engages in any other persistent course of conduct, in the state (CPLR § 302(a)(3)(i)) or (b) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate commerce (CPLR § 302(a)(3)(ii)). Further, the incident at issue here occurred in this district.

11.     This Court has personal jurisdiction over Defendants Planet Fitness (309 East Fordham Rd, Bronx, Chris Walters, Diamond Paredes /Planet Fitness Corporate, state of NH)

12.     N/A

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Planet Fitness resides in this District (as that term is defined in 28 U.S.C. § 1391(c)) and/or pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action have occurred in this District.

**Facts**

14.     Prior to his discrimination, Plaintiff Miles is a member of Planet Fitness.

15.     As stated above, Miles is an LGBTQIA+ individual.

16.     During his membership with Planet Fitness, Mr. Miles was subject to numerous instances of sexual orientation and gender identity-based harassment and discrimination by Planet Fitness employee Diamond.

17.     Upon information and belief, Diamond was responsible for forcing Mr. Miles to comply with her discriminatory beliefs and shamed him in front of many other gym members.

18.     She immediately began harassing and verbally assaulting Mr. Miles due to Mr. Miles perceived sexual orientation and gender identity.

19.     For example, she came up to Mr. Miles while he was running on the treadmill and said we need to escort you out of the woman's bathroom, my manager has instructed me to do so as well. We can't have trans people in the woman's bathroom you Lunk."

20.     During another conversation with Mr. Miles, Diamond called Mr. Miles a "little trans faggot as well."

21.     Diamonds verbal assault led to Mr. Miles suffering extreme emotional distress.

22. It is clear that Diamond had problems with Mr. Miles due to his actual or perceived sexual orientation and gender expression and she sought to have banned from Planet Fitness.

23. She expressed aggression and hostility towards him during the entire course of his membership and interaction with her and, indeed, as part of her scheme to push Mr. Miles out of Planet Fitness, Diamond attempted to coerce Mr. Miles to change his clothes in the men's bathroom and she even asked him to go straight sexually.

24. Upon information and belief, Diamond was sending reports about Mr. Miles to Defendant Manager, the Director of Planet Fitness.

25. Diamond seemed content to go along with managers scheme and, indeed, Diamond even advised Mr. Miles to not contact Planet Fitness human resources.

26. After this Dylan was stunned and called the police. They sided with Mr. Miles but said they could not give a police report, also a violation of the my rights.

27. During the meeting, Diamond was exceedingly nasty and continued her harassing treatment of Mr. Miles.

28. Having been pushed to the brink, Mr. Miles finally called Human Resources Department to report the constant harassment and discrimination from Diamond. Mr. Miles received no contact via phone calls.

29. The Human Resources Department has been notified of my legal demands.

30. It is clear that Mr. Miles performed completely under the terms of his membership agreement with Planet Fitness, as indicated.

## FIRST CAUSE OF ACTION
### (Title VII of the Civil Rights Act of 1964)

31. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 above.

32. Planet Fitness engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by terminating Mr. Miles because of his actual or perceived sexual orientation and/or gender identity.

33. Planet Fitness decision to discriminate against Mr. Miles was based on sex, calling him a "Trans Fag, "Lurk and other names I cannot repeat!"[1]. Planet Fitness lied to Mr. Miles because he is gay, because he is undergoing a gender transition, and/or because he did not conform to Planet Fitness gender-based preferences, expectations, or stereotypes about how a man should dress and conduct himself.

34. The effect of Planet Fitness unlawful employment practices was to deprive Mr. Miles of equal treatment and otherwise adversely affect his status as an member, because of his sex.

35. Planet Fitness unlawful employment practices were intentional and done with malice or with reckless indifference to Mr. Mile's rights under Title VII.

36. As a result of the foregoing, Defendants' conduct has damaged Plaintiff in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(New York Executive Law § 296(1)(a))**

37. Plaintiff repeats and realleges the allegations of paragraphs 1 through 35 above.

38. New York State Executive Law § 296(1)(a) provides, in relevant part, as follows:

> It shall be an unlawful discriminatory practice for an employer … because of an individual's … sexual orientation, gender identity or expression … to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

---

[1] "[I]t is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex." *Bostock v. Clayton County*, 140 S. Ct. 1731, 1741 (2020).

39. All people within the State of New York, including Plaintiff, are entitled to protection from prejudice, intolerance, bigotry, and discrimination and disorder occasioned thereby, as provided by the stated policy set forth in New York State Executive Law § 290 (commonly known as "New York State Human Rights Law").

40. The Plaintiff was and is a person covered under the New York State Human Rights Law.

41. Planet Fitness is an employer pursuant to New York Law.

42. Throughout his time as a member at Planet Fitness, Mr. Miles was discriminated and/or harassed by Defendant Diamond and PF corporate with their signage and the modo "Lurk." Due to his actual or perceived sexual orientation and/or gender expression. This harassment and discrimination eventually led to his discrimination pursuant to New York State Executive Law §296(1)(a).

43. As a result of the Defendants' unlawful discriminatory practices, Plaintiff has been seriously damaged.

44. As a result of the foregoing, Defendants' conduct has damaged Plaintiff in an amount to be determined at trial.

45. Although not plead separately, it is also alleged that Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined at trial based upon their willful, extreme, wrongful, and outrageous conduct.

46. Pursuant to New York State Executive Law, Plaintiff is entitled to an award of prevailing party costs and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
**(New York State Executive Law § 296(6))**

47. Plaintiff repeats and realleges the allegations of paragraphs 1 through 45 above.

6

48. New York State Executive Law § 296 provides, in relevant part, as follows:

> It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so.

49. Defendant Planet Fitness, through its employees, servants, and/or agents, engaged in unlawful discriminatory practices against Plaintiff.

50. Defendant Planet Fitness, by and through its employees, servants, and/or agents, engaged in acts of omission or commission to aid, abet, incite, compel, and/or coerce the doing of the acts forbidden under the chapter of the New York State Executive Law § 296, and/or attempted to do so.

51. As a result of Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial.

52. Although not plead separately, it is also alleged that Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined at trial based upon their willful, extreme, wrongful, and outrageous conduct.

## FOURTH CAUSE OF ACTION
### (New York Civil Rights Law § 40-C)

53. Plaintiff repeats and realleges the allegations of paragraphs 1 through 51 above.

54. New York Civil Rights Law § 40-C states:

> Discrimination. 1. All persons within the jurisdiction of this state shall be entitled to the equal protection of the laws of this state or any subdivision thereof.
>
> 2. No person shall, because of race, creed, color, national origin, sex, marital status, sexual orientation, gender identity or expression, or disability … be subjected to any discrimination in his or her civil rights, or to any harassment … in the exercise thereof, by any other person or by any firm, corporation, or institution.

55. Through her actions, Defendant Diamond discriminated and/or harassed Plaintiff Miles due to his actual or perceived sexual orientation and/or gender expression in direct violation of New York Civil Rights Law § 40-C.

56. On 2/28/2022, Defendant Diamond by and through their employee, engaged in and conducted unlawful discriminatory practices against Plaintiff.

57. Defendants' conduct has damaged Plaintiff in an amount to be determined at trial.

58. Although not plead separately, it is also alleged that Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined at trial based upon their willful, extreme, wrongful, and outrageous conduct.

## FIFTH CAUSE OF ACTION
### (New York City Human Rights Law § 8-107.1)

59. Plaintiff repeats and realleges the allegations of paragraphs 1 through 57 above.

60. New York City Human Rights Law § 8-107.1 provides, in relevant part, as follows:

> It shall be an unlawful discriminatory practice:
>
> > (a) [f]or an employer or an employee or agent thereof, because of the actual or perceived … gender [or] … sexual orientation … of any person:
> > …
> > (2) To … discharge from employment such person; or
> >
> > (3) To discriminate against such person in compensation or in terms, conditions, or privileges of employment.

61. All people inhabiting the City of New York, including Plaintiff, are entitled to protection from the prejudice, intolerance, bigotry, and discrimination and disorder thereby, as provided by the stated policy set forth in New York City Administrative Code § 8-101 (commonly known as New York City Human Rights Law").

62. Planet Fitness constitutes an employer pursuant to New York City law.

8

63. As described above, Defendants engaged in and conducted unlawful discriminatory practices against Plaintiff through the actions of Diamond and the subsequent discharge of Mr. Miles due to his actual or perceived sexual orientation and/or gender identity.

64. Defendants' discriminatory conduct has damaged Plaintiff in an amount to be determined at trial.

65. Although not plead separately, it is also alleged that Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined at trial based upon their willful, extreme, wrongful, and outrageous conduct.

66. Pursuant to New York City Administrative Code § 8-502, Plaintiff is entitled to an award of prevailing party costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION
### (New York City Human Rights Law § 8-107.6)

67. Plaintiff repeats and realleges the allegations of paragraphs 1 through 65 above.

68. New York City Human Rights Law § 8-107.6 provides, in relevant part, as follows:

> Aiding and abetting. It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so.

69. Defendant Planet Fitness, through its employees, servants, and/or agents, engaged in unlawful discriminatory practices against Plaintiff.

70. Defendant Planet Fitness, by and through its employees, servants, and/or agents, engaged in acts of omission or commission to aid, abet, incite, compel, and/or coerce the doing of the acts forbidden under the chapter of the New York City Human Rights Law § 8-107.6, and/or attempted to do so.

71. As a result of Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial.

9

72. Although not plead separately, it is also alleged that Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined at trial based upon their willful, extreme, wrongful, and outrageous conduct.

73. Pursuant to New York City Administrative Code § 8-502, Plaintiff is entitled to an award of prevailing party costs and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

74. Plaintiff repeats and realleges the allegations of paragraphs 1 through 78 above.

75. Throughout his entire membership with PF, Mr. Miles was subject to bigoted harassment and verbal assault due to his perceived sexual orientation and/or gender expression.

76. During his third day of membership, Diamond stated that Mr. Miles could "wear [her] name tag and be the girl that [he] is.

77. The acts complained of herein were extreme, outrageous, intolerable, and beyond the bounds of a civilized society.

78. Defendant Diamond knew, or reasonably should have known, that her verbal abuse of Defendant would and did proximately result in emotional distress to the Plaintiff.

79. Defendant Planet Fitness is vicariously liable for the assault committed by its employee, Defendant Diamond.

80. As a result of the foregoing, Plaintiff has been damaged in a sum to be determined at trial.

81. Although not plead separately, it is also alleged that Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined at trial based upon their willful, extreme, wrongful, and outrageous conduct.

## EIGHTH CAUSE OF ACTION
### (Negligent Hiring, Screening, Retention, Supervision, and Training Under the Laws of the State of New York)

82. Plaintiff repeats and realleges the allegations of paragraphs 1 through 80 above.

83. At all relevant times mentioned herein, Defendant Planet Fitness negligently hired, trained, and retained Defendant Diamond, who committed discrimination, harassment, wrongful termination, and the intentional infliction of emotional distress.

84. At all relevant times mentioned herein, Defendant PF negligently hired, train, and retained the co-Defendants.

85. At all times relevant herein, due to the careless, reckless, and negligent hiring, training, retention of employees, supervision, management, and/or control of Defendants Planet Fitness and Diamond, Plaintiff Miles was caused to sustain severe emotional distress and mental anguish.

86. As a result of the foregoing, Plaintiff has been damaged in a sum to be determined at trial.

87. Although not plead separately, it is also alleged that Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined at trial based upon their willful, extreme, wrongful, and outrageous conduct. There are even signs inside Planet Fitness that say don't be a "Lurk," and these are the words that were used.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against Defendants as follows:

1. Awarding to Plaintiff actual and punitive damages as provided for under applicable federal, state, and city laws;

      2.      Awarding to Plaintiff its reasonable attorneys' fees, together with the costs and disbursements of this action, to the full extent provided for by applicable federal, state, and city laws;

      3.      Granting Plaintiff such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: 3/7/2022
       New York, New York

                                Dylan P Miles 9179212748